## THE BALTIMORE & OHIO RAILROAD COMPANY

### *vs.*

## MARGARET HETZEL ET AL.

{ Decided March 10, 1885.
{ The CHIEF JUSTICE and Justices WYLIE and JAMES sitting.

1. H. recovered $843.36 damages of a railroad company for obstructing the highway, and the General Term, affirming the court below, entered judgment for that amount, March 4, 1876. H., not satisfied with the amount of the judgment, appealed to the Supreme Court of the United States, where the judgment was affirmed. H. filed the mandate in the General Term, June 26th, and the court that day entered judgment for $843.36, with interest from March 4, 1876. September 3d, following, the defendant company filed a bill in equity alleging improper representations in procuring the judgment on the mandate, also that the mandate contained no order to allow interest, and praying that H. be required to accept the principal sum only in satisfaction of the judgment. The defendant on oath denied improper representations. Upon hearing on bill and answer the court below dismissed the bill.

*Held,* That as there was no proof that the entry of the judgment was irregular the bill was properly dismissed.

2. Baptist Church v. Railroad Company, 2 Mackey, 458, commented upon as to whether judgments in tort carry interest in this District.

### STATEMENT OF THE CASE.

Appeal from a decree in Special Term dismissing a bill in equity and dissolving an interlocutory injunction. The court at the same time heard argument upon a motion filed in General Term September 8, 1884, to vacate for alleged irregularity a judgment entered at a previous term, the motion involving a consideration of the same subject matter. The facts are briefly as follows:

In 1873, the defendant, Mrs. Margaret Hetzel, entered suit at law against the complainant for alleged injury to her property at the corner of D and North Capitol streets by reason of the unauthorized occupation of the two streets by the complainant. The case was sent to a referee, who awarded damages to the amount of $843.86. Exceptions were taken by both sides. The exceptions were certified to the General Term, and were all overruled and judgment entered for the plaintiff for the amount of the referee's award. This was on March 4, 1876.

On March 27, 1876, the plaintiff, Mrs. Hetzel, sued out a writ of error, and took the case to the Supreme Court of the United States. In May, 1880, the judgment was there affirmed. The mandate was not taken out by the plaintiff for more than four years afterwards, and was filed in this court June 26, 1884.

On March 20, 1876, an attachment was laid in the hands of the company by a judgment creditor of Mrs. Hetzel. On the 22d of March, 1876, another attachment was laid, and December 16, 1879, a third attachment, by a third creditor. The amounts sought to be secured by these attachments largely exceeded the amount of the judgment against the company. The company answered the interrogatories in the attachments, setting forth the facts of the judgment against it, and stating that that was its only indebtedness to Mrs. Hetzel. These attachments remained in force until June, 1884, when they were settled at the time the mandate was filed.

In January, 1881, the company instituted a suit in equity in the nature of a bill of interpleader, alleging that they could not safely pay the judgment because of the attachments in which suits they had been garnished, and asking leave to pay the money into the court. A demurrer to the bill was sustained on the ground that the complainants therein denied their liability to pay interest and for other defects. No further proceedings in this direction were had.

The company were notified by letter, June 26th, that the mandate had been filed and the attachments dissolved; and they were requested to pay Mrs. Hetzel's counsel the amount of the judgment with interest from March 4, 1876. They replied, July 5th, that the letter was duly received and that the matter would be reported to the company at Baltimore, and no doubt receive prompt attention.

June 26th, the day the mandate was filed, the court in General Term entered judgment in the following words:

"The plaintiff having prosecuted a writ of error to the Supreme Court of the United States from the judgment of this court of March 4, 1876, which was in her favor for

$843.36 damages, and $101 for costs of suit, and the said Supreme Court of the United States having affirmed said judgment with costs, and adjudged that the defendant recover the same against her and have execution therefor, and remanded the cause to this court, and command this court that such execution and proceedings be had in the cause as according to right and justice, and the laws of the United States ought to be had, said writ of error notwithstanding, it is thereupon, by this court, considered, that the plaintiff have execution of her aforesaid damages against the defendant, with interest thereon from March 4, 1876, aforesaid, less the cost of the writ of error aforesaid."

The mandate said nothing about interest.

Upon the 3d of September, 1884, the company filed a bill, alleging the facts as to the attachments, and that they were garnished in those suits; that the mandate was filed without notice to them, and obtained by improper representations of counsel; that the entry of interest upon the judgment was in violation of the terms of the mandate, and that the judgment was entered so near the end of the term that the complainants were deprived of an opportunity to have it corrected. The bill prayed that defendants be restrained from levying execution, and that the complainants be allowed to pay the principal sum and costs into court, and the defendants be required upon such payment to enter the judgment satisfied.

The defendants, upon oath, denied improper representations, and otherwise answered the bill. On the coming in of the answers, September 11, 1884, the court ordered the principal and costs to be paid to Mrs. Hetzel, or her attorney, and the interest to be paid into court, and continued the restraining order until final hearing. No testimony was taken; and at the hearing, February 19, 1885, upon bill and answer, the court dissolved the injunction and dismissed the bill, with costs to defendants. From this decree the company appealed.

The company likewise filed a motion in General Term, September 8, 1884, to vacate the judgment for substantially

the same reasons as set forth in the bill in equity. The plaintiff, Mrs. Hetzel, having levied upon the property of the company immediately after the dissolution of the injunction, the court in General Term, upon motion of the company, advanced the cause for hearing.

M. F. MORRIS for plaintiff:

1. A judgment upon tort does not bear interest at common law, and there is no statute law in this District giving interest upon such a judgment.

By section 829 of the Revised Statutes for the District of Columbia, judgments in actions upon contract bear interest, and the amount which is to bear interest and the time for which interest is to run, are remitted to the verdict of the jury. By its implication, this necessarily excludes from the incident of interest all judgments based upon actions for torts.

By section 713 of the same statutes, it is provided that " the rate of interest upon judgments and decrees   *   *   * shall continue to be six dollars upon one hundred dollars for one year   *   *   *." But this plainly does not propose to make any new law; it provides only for the continuance of such interest as was then in force. And this is the more apparent, inasmuch as the object of the statute was to allow interest, by special agreement of parties, at any higher rate up to ten per cent.

2. The rules of the Supreme Court do not apply in this case ; and it is plain that the statutes of Henry VIII, referred to by Mr. Justice Hagner in the opinion in the case of the Fifth Baptist Church vs. The Baltimore & Potomac Railroad Company, 2 Mackey, 458, do not apply. In that case the defendant appealed, and this court allowed interest during the pendency of the appeal, upon the sole ground that the mandate of the Supreme Court provided in express terms for interest.

3. The plaintiff in this case, by her appeal, prevented the defendant from paying the judgment, and thereby necessarily waived interest upon it.

4. The defendant ought not to be charged with interest while the money in its hands was under attachment.

Boyd *vs.* Mattingly (20 Howard, 132) shows the only exception to the rule, that where the garnishee is charged with having used the money, and to have realized interest or benefit from it, the party seeking to charge him must show the use. The court certainly cannot infer such use.

5. The judgment ought not to bear interest, because the mandate of the Supreme Court does not authorize interest.

6. The complainant had not the opportunity of being heard before the entry of the judgment upon the mandate, and it moved as soon as it reasonably could. It ought not, therefore, to be precluded now from having this question of interest investigated.

FRANK W. HACKETT for defendant:

We filed the mandate June 26, 1884, and on the same day sent a letter to counsel for railroad, acquainting them with the fact. They admit that they duly received it. The court adjourned finally July 5th.

Having neglected to move in the General Term during the term at which the judgment was rendered, and there being no fraud or accident shown, equity will not relieve. Ins. Co. *vs.* Hodgson, 7 Cr., 322; Embry *vs.* Palmer, 107 U. S., 11.

Nor will the court upon motion disturb the judgment entered last term. Nothing in the mandate forbade this court to enter judgment as they did. The allowance of interest was considered by the court. It was in no sense an "irregularity." The court did just what it intended to do; and to say that it did not look at the record is to impute neglect to the court. The question is not open whether on a review of the case this court would enter precisely the same judgment. The only question is, was that judgment what the court at the time intended it should be? This precludes a discussion of what the law is upon such a state of facts as the record then disclosed. Whether right or wrong, the court decided it.

An appellate court cannot reverse or annul, or materially change its final judgment after the term in which it was rendered. *Ex parte* Sibbald *vs.* U. S., 12 Peters, 488; Bridge Co. *vs.* Stewart, 3 How., 424.

Mr. Chief Justice CARTTER delivered the opinion of the court.

We think that this application comes too late. The mandate of the Supreme Court of the United States came down June 26th, 1884, commanding us that such proceedings be had in the cause, as, according to right and justice and the laws of the United States, ought to be had. We, thereupon, entered judgment on that day, with interest from March 4th, 1876, and on the 5th of July following we adjourned *sine die.*

We added interest, it seems, to the judgment. That ordinarily we have power to give interest is manifest, indeed, it is not seriously denied; but whether this particular judgment was, under the circumstances, entitled to have interest added is a matter of debate. We determined that it was.

Can that determination be shaken by a bill in chancery? Clearly not, if the judgment was regularly entered, and the error alleged is an error of law. The remedy for that has expired with the term. Was this a clerical error? No evidence has been brought forward to convince us that it was irregular*ly* entered. We have only the counsel's logic that, from the nature of things, we could not have deliberated upon the question of interest. But it will not do to say that counsel says that the court did not deliberate—did not consider the question of interest; but the record says we did.

It has been argued that the defendant company ought not to pay interest on this judgment because it had been garnished in several suits, and that at the time of rendering our judgment in obedience to the mandate, we could not have known of the fact of these garnishments, as there was nothing in the record before us to show it. Bond *vs.* Mattingly, 20 How., 132, has been cited to show that a garnishee is not chargeable with interest. But even if all this be true the company in this case had a full opportunity to have

brought the fact of the garnishments to our attention during the term in which this judgment was rendered. It is shown that Mrs. Hetzel's counsel, on the day of filing the mandate, wrote a letter to the company's counsel informing them of the fact; and they admit that they received it. They had several days during the term to file their motion to vacate the judgment, and, therefore, there is no ground to allege surprise.

Much stress has been laid upon the appeal which was taken to the Supreme Court. Mrs. Hetzel got judgment for $843. She was not satisfied and appealed. It is claimed that she thereby caused the delay in the Supreme Court, and the company ought not to pay interest during that time. But this is not a correct view of the character of the office of that appeal. It was not that she complained of a denial of justice in recovering $843; but she complained that she had not got enough. She went to that court to get more. Her appeal was not a remittitur to the railroad company of the amount she had recovered here, but a reaching after higher compensation through the agency of that court.

We do not have to decide in this hearing whether a judgment in tort carries interest in this District. Ordinarily a judgment in tort does not carry interest; still there are indications in our statutes that it does. We had that subject under consideration in Baptist Church vs. Baltimore & Potomac Railroad Company (2 Mackey, 458), and though it was not necessary to decide it, and we made no decision, yet we were all of opinion that such ought to be the law. It certainly is justice in the present case that interest should follow. That question came up when we entered a judgment on the mandate. There was nothing irregular about the entry of judgment, and it is now too late to reverse or alter it. Our arm is not long enough to reach it.

The bill is therefore dismissed, and the motion to vacate overruled.