## McConnell et al. v. Denham et al.

1. **Pleading:** NO RELIEF ASKED: DISMISSAL. Where no judgment or other relief is asked against one of several defendants, the petition may properly be dismissed as to him.

2. **Chattel Mortgage:** INTEREST OF MORTGAGOR: LEVY ON. A mortgagor of personal property has no such interest therein as can be levied upon and sold, and no lien can be obtained by the process of such levy. (*Gordon v. Hardin*, 33 Iowa, 550, and *Vanslyck v. Mills*, 34 Id., 375, followed.)

3. **Levy:** RELEASE OF RELEASES LIEN. The lien on personal property secured by a levy is necessarily released when the levy is released, and a reservation of the lien is of no effect.

4. **Garnishment:** NO LIEN ON PROPERTY SECURED. By the process of garnishment no lien is secured upon the property in the hands of the garnishee, but only a personal obligation of the garnishee. (See *Mooar v. Walker*, 46 Iowa, 164.)

5. **Chattel Mortgage:** MORTGAGEE IN POSSESSION: GARNISHMENT: EQUITABLE JURISDICTION. Where mortgaged chattels are in the hands of the mortgagee, and he has been garnished by a creditor of the mortgagor, or by a subsequent incumbrancer, the remedy at law is adequate and complete, and there is no occasion to resort to equity, unless, possibly, the mortgagee is insolvent and is squandering the property.

*Appeal from Mahaska Circuit Court.*

Monday, October 10.

Action in equity, judgment for the defendants, and plaintiffs appeal.

*John F. & W. R. Lacey*, for appellants.

*Lafferty & Morgan*, for appellees.

Seevers, J.    It is stated in the petition that the plaintiffs recovered a judgment against the defendant Denham, on which an execution was issued, and levied on certain personal property on which he had executed a mortgage to the defendant Wilcox, and, in substance, it is stated that the mortgage is void as against the creditors of the mortgagor ; that, after the levy upon said property, the defendant Wilcox served

upon the sheriff a notice that she claimed it under the mortgage, and thereupon the possession of the property was surrendered to Mrs. Wilcox, without prejudice to the plaintiffs' lien under the levy ; that, while the property was in possession of Mrs. Wilcox, the plaintiff caused her to be garnished ; that the plaintiff has no adequate remedy at law ; and the relief asked is that a receiver be appointed to take charge of the property, and the amount due on the mortgage be ascertained, the mortgage be declared void, the property sold, and the plaintiff recover a judgment against Mrs. Wilcox, and for general relief. In an amended petition it is stated that Mrs. Wilcox, when she obtained possession of the property, surrendered such possession to the mortgagor, and he has been using and selling the same, and had realized a large sum of money therefrom ; that plaintiff had caused another execution to issue on said judgment, and had caused the property then in the hands of the mortgagor to be again levied upon ; that the sheriff, by the direction of the plaintiff, surrendered the possession obtained to said mortgagee and her agents, Lafferty & Morgan, and the latter placed said property in the hands of the mortgagor ; that, while said property was in the hands of Lafferty & Morgan, they were garnished, and they are made defendants. The relief asked was that a receiver be appointed, and, in addition thereto, relief substantially the same as in the original petition was asked, but no judgment or other relief was asked against Lafferty & Morgan. Afterwards another amended petition was filed, making W. P. Hawkins a defendant, and stating that he is in possession, and assumes the right to dispose of said property, and a judgment for $1,000 is asked against him, and that his right to said property be cut off and barred.

The mortgagor, Denham, and the mortgagee, answered the petition, asserted the validity of the mortgage, and that the indebtedness secured thereby was actually due and unpaid. They denied all fraud and conspiracy. Hawkins also filed

an answer stating that he purchased and paid for said prop-
erty in good faith, without notice of any of the matters stated
in the petition, or amendments thereto, and that, prior to
making the purchase, he had searched the records for liens
against said property, but found none in favor of plaintiff
against said property; and he asks that, as to him, the peti-
tion be dismissed.   Lafferty & Morgan also filed an answer.
Such, substantially, are the pleadings.

I.   Counsel for the plaintiff fail to state in their printed
argument the precise measure of relief they deem the plaint-
iff entitled to, or against whom a judgment is
asked.   This we greatly regret.   We shall there-
fore assume that, as no judgment or other spe-
cific relief is asked in the pleadings against Lafferty & Mor-
gan, none can or should be granted, and, as to them, the peti-
tion must be dismissed.   The plaintiff is not entitled to any
relief against Hawkins, because he is, as we find, a good faith
purchaser without notice.   Counsel for the appellants do not,
we think, claim otherwise in their argument.   The only
remaining question is whether the plaintiff is entitled to any
relief against Mrs. Wilcox, and this question we proceed to
consider.

1. PLEADING:
no relief
asked: dis-
missal.

II.   We understand counsel for the appellants to claim—
*First*, that the mortgage is fraudulent and void as against
creditors of the mortgagor, because of the fraudulent acts
and conduct of the mortgagor and mortgagee; but we think
counsel do not greatly rely thereon.   We therefore content
ourselves with saying that in our opinion there is no evi-
dence upon which such charge can be fairly based.   Coun-
sel's second proposition is that plaintiff is entitled
to whatever surplus there may be after the satis-
faction of the mortgage, and that there is such
surplus the plaintiff claims has been clearly estab-
lished by the evidence.   It is insisted that the plaintiff
obtained a lien upon the property described in the mortgage,
under and by virtue of the levy made by the sheriff, and that

2. CHATTEL
mortgage:
interest of
mortgagor:
levy on.

having such lien, a receiver should be appointed; and of course the claim must be that there is a right to proceed in equity. But it has been held that a mortgagor of personal property has no such interest therein as can be levied upon and sold. *Gordon v. Hardin*, 33 Iowa, 550; *Vanslyck v. Mills*, 34 Id., 375. This being so, no lien on the property can be obtained by such levy. Besides this, the levy was released voluntarily by the plaintiff, who, however, claims that this may be done, and the lien retained, because the

3. LEVY: release of releases lien. plaintiff declared that the lien was not released. But we think that it clearly follows that when the levy is released, the lien obtained by the levy, conceding one was obtained, clearly ceases to exist. This, it seems to us, must be so.

III. Was a lien of the mortgaged property obtained by the garnishment of Mrs. Wilcox? We think not. There is

4. GARNISHMENT: no lien on property secured. no statute which so provides, and no authority is cited which so holds. On the contrary, it was held in *Mooar v. Walker*, 46 Iowa, 164, that no lien on attached property can be so obtained.

IV. But we understand counsel to make the broad claim that, when the mortgagee has not taken possession of the

5. CHATTEL mortgage: mortgagee in possession: garnishment: equitable jurisdiction. mortgaged property, an action in equity may be maintained by a subsequent incumbrancer or creditor, a receiver appointed, and the rights of all the parties be adjusted in such action. In support of this proposition, High, Rec., §§ 420, 682, 686, is cited. Whether this should be the rule under the statutes of this state we have no occasion to determine, for the reason that the petition states that Mrs. Wilcox was in possession, and was garnished at the time she had possession of the mortgaged property. This being so, the rule invoked by counsel has no application, because it never has been applied in a case where the mortgagee was in possession. In such case, there is no necessity to resort to equity. The remedy at law is full and complete, unless, possibly, the mortgagee is insolvent,

and is squandering the property. The fact that Mrs. Wilcox surrendered the possession of the property to the mortgagor, and that he was disposing of it, and appropriating the proceeds to his own use, is immaterial, for the right of the plaintiff, and liability of Mrs. Wilcox, were fixed by the garnishment. For some unknown, but for a sufficient, reason, it must be assumed, the plaintiff did not pursue the plain and speedy remedy at law which could have been invoked in such case, but saw proper to institute this proceeding, which in our opinion, under well-established rules, cannot be done.

AFFIRMED.