McGARRY, *Appellant*, v. LEWIS COAL COMPANY.

**Garnishment:** LIEN. A garnishment process does not create a lien in favor of the plaintiff upon the defendant's property in the possession of the garnishee.

*Appeal from St. Louis City Circuit Court.*—HON. G. W. LUBKE, Judge.

AFFIRMED.

*Martin, Laughlin & Kern* for appellant.

The plaintiff acquired a lien by virtue of the proceedings in garnishment. *Renneker v. Davis*, 10 Rich. Eq. 289; *Wilder v. Weatherhead*, 32 Vt. 765; *In re Peck*, 16 Nat. Bank Reg. 43.

*Given Campbell* for respondent.

(1) The demurrer was properly sustained, and the judgment was right. A garnishment is a warning to the garnishee not to dispose of the property of the defendant in his hands, and if he does so he is liable to the plaintiff in the garnishment for the value of the property so disposed of. If the property is sold by the garnishee, after notice of garnishment, the purchaser for value without notice takes a valid title. Garnishment is purely statutory. 2 Wade on Attach., pp. 1–3, sec. 325; p. 27, sec. 338; *Bank v. Bredow*, 31 Mo. 523; *Bigelow v. Andress*, 31 Ill. 322; *Johnson v. Gorhan*, 6 Cal. 195. (2) This is a suit not to follow specific property (the tug, "Alice Parker"), and to have her delivered over to the plaintiff, or to the sheriff, but it is a suit for a personal judgment against the Lewis Coal Company. No authority can be shown for such a recovery. (3) The cases cited by counsel for appellant are not in point. The Vermont cases are founded upon a

construction of the statute of that state, and the case in 10 Rich. was also based upon the statute of South Carolina, and the question was, whether the property in the hands of the garnishee should be applied *pari passu*, or whether the attaching creditor should be paid by preference.

RAY, J.—This is an action by plaintiff against defendant, for damages in the sum of five thousand dollars, for the conversion of a steam tug, called the "Alice Parker." A general demurrer was sustained to the petition and final judgment entered thereon in favor of the defendant, from which plaintiff has appealed. The petition charges, substantially, that, on the seventh of March, 1877, judgment against Thomas Parker was rendered in the St. Louis circuit court in favor of Henry D. Laughlin in the sum of twenty-two hundred and fifty dollars, and interest, and costs ; that, on the nineteenth of September, 1878, said judgment was assigned to the plaintiff for value ; that, on the eighteenth of January, 1879, an *alias* execution was sued out, in due form of law, returnable to the February term, 1879, and delivered to the sheriff of the city of St. Louis ; that, under directions of plaintiff, the sheriff, in due form of law, summoned one Thomas Parker, Jr., as garnishee of Thomas Parker, defendant in the execution ; that, in obedience to the summons, said garnishee appeared at the return term of the writ to answer interrogatories relating to his indebtedness to the defendant in the execution ; that the sheriff, at the same time, did declare, in writing, to said garnishee, of which he made full return, that he attached in his hands (and summoned him as garnishee concerning) any goods, chattels, moneys, or evidences of debt, which he might have belonging to said judgment debtor ; that interrogatories were exhibited, and that said garnishee, in his answer, did not truly answer as to property and effects in his

hands; that plaintiff, in his reply to said answer, alleged that said garnishee had in his possession, and under his control, the steam tug, called "The Alice Parker," and that said tug was the property of the defendant in said execution, and that it was of the value of thirty-five hundred dollars; that the issues raised in said garnishment proceedings were referred to John A. Harrison, Esq., as referee, to try the issues and report to the court his findings and decision; that, upon the pleadings and proofs submitted by both sides, the said referee made his report, and filed the same on the first of November, 1883; that, in his said report, said referee found in favor of plaintiff, and against said garnishee, to the effect that, at the service of said garnishment, said garnishee had in his possession said tug, and that it was the property of Thomas Parker, defendant to this execution; that said report was confirmed by the court, and that the court, on the eighteenth day of January, 1884, made and entered an order on said garnishee, requiring him to deliver said steam tug to the sheriff on or before Monday, February —, 1884; that, on the twenty-ninth of January, 1884, said order was duly exhibited to said garnishee, and that he failed to comply with the same, or to deliver to the sheriff as commanded; that, by reason of the premises, plaintiff acquired a lien upon said steam tug in the hands of said garnishee; that, before his said lien was established by the judgment of the court, to-wit, on the eighth day of January, 1880, the defendant received said steam tug into its possession, and converted the same to its own use, to plaintiff's damage in the sum of five thousand dollars, for which judgment is prayed.

It will be observed that no notice or knowledge of said garnishment, by this defendant, is charged, nor is any collusion alleged. Briefly, then, the question thus presented by the record is, whether plaintiff, as assignee for value, of said judgment in favor of Laughlin against

Thomas Parker, had, by said process of garnishment, against said Thomas Parker, Jr., upon *alias* execution, under said judgment, acquired a valid lien upon the said steam tug, "Alice Parker." A lien of this sort is unknown to common law, and the question, then, is, whether our statute creates a specific lien upon the property, under and by virtue of the service of the process of garnishment. In sustaining the demurrer, the trial court must have held that no such lien existed, and in this view of the law we concur. None of the various provisions in our statute give in terms any such lien, and it is, we think, obvious that the responsibility of the garnishee (at least, until an order of court is made in the cause to turn over the property) is given and substituted in lieu of such lien. No provision has been pointed out prohibiting the garnishee, upon the mere service of the garnishment process, from disposing of the property, but, on the other hand, various sections on the subject look to rendering the garnishee personally liable for misappropriation, or failure to produce the property to satisfy the judgment, which may be rendered in the cause.

In general, it may be said that garnishment is a proceeding especially designed for the attachments of credits or debts due the defendant, and while it may be employed with respect to tangible and specific property in the possession of a person other than the debtor, it is in these respects resorted to in order to avoid the responsibilities incident to the actual seizure and custody of the property. Often it is uncertain whether the third person has in his possession any property belonging to the defendant, or it may belong to the defendant, with the right of possession in such third person. Garnishment is, as the term implies, a warning to the garnishee not to dispose of the property of the defendant in his hands, and that if he does so dispose of the same, he

will subject himself to personal liability for the value, to the extent, at least, of the plaintiff's debt or claim.

Ordinarily property is not deemed to be in the custody of the law until actually seized and reduced into possession by the officer. Under the law applicable to attachments, it is the levy by the officer that creates the lien. If the plaintiff is not satisfied to look to the responsibility of the garnishee, he may apply to the court, or to the judge in vacation, and obtain an order upon the garnishee to deliver the property to the sheriff or into court, or the court may permit the garnishee to retain the property upon the execution of a bond to plaintiff with security. R. S., 1879, sec. 2524; *Bank of Missouri v. Bredow*, 31 Mo. 523. These provisions seem to have been regarded as affording ample protection.

In considering the subject of garnishment, Mr. Wade, in his work on Attachments, observes that "it differs from attachments by seizure in two important particulars: (1) Its validity does not depend on the officer's taking possession. (2) It creates no specific lien upon the defendant's property in favor of the plaintiff." 2 Wade on Attachment, sec. 325. And again he says: "It may also be less satisfactory to the plaintiff for the reason, that instead of the specific lien the responsibility of the garnishee is substituted." *Ib*. Drake on Attachments, announces a similar view in language as follows: "Garnishment is an effectual attachment of the effects of the defendant in the garnishee's hands, differing in no essential respect from attachment by levy, except, as is said, that the plaintiff does not acquire a clear and full lien upon the specific property in the garnishee's possession, but only such a lien as gives him the right to hold the garnishee personally liable for it or its value." Drake on Attachments [4 Ed.] sec. 453.

In *Bigelow v. Andress*, 31 Ill. 322, the court say that, "by the service of the garnishee process, there can be no pretense that the property is in any sense transferred to the officer, or that he thereby acquires any right to control it. The garnishee still has the right to retain it, and by the service only becomes liable to account for it, or its proceeds, if judgment shall be rendered against him on the trial. The statute does not prohibit him from disposing of it, but only renders him liable on failing to produce it to satisfy the judgment." See, also, to same effect, *Walcott v. Keith*, 2 Foster (22 N. H.) 196. The authorities cited by appellant take the opposite view of the question, but some of them are based on local statutes essentially different from that of ours. The weight of authority, however, is, we think, decidedly in favor of the views herein expressed.

For these reasons, and upon these authorities, the demurrer to the petition was, we think, properly sustained. This leads to an affirmance of the judgment, in which all concur.