KILMER L. BARTON *et al.* v. L. M. SPENCER *et al.*

GARNISHMENT — *Rights of Creditor.* Where service of process in garnishment is had, the property found in the possession of the garnishee is in *custodia legis*, and no rights can be obtained in such property by subsequent attaching creditors, as against a creditor causing the garnishment summons to issue.

*Error from the District Court of Canadian County.*

The opinion states the facts. Judgment for defendants below. The plaintiffs bring the case here.

*Boynton & Smith* and *White & Grigsby*, for plaintiffs in error.

*C. H. Carswell* and *Green & Strang*, for defendants in error.

The opinion of the court was delivered by

DALE, C. J.: September 20, 1893, Barton Bros. filed a petition in the district court of Canadian county, against P. S. Kern, alleging that there was due upon account to the plaintiffs in said action, the sum of $370. At the same time the plaintiffs filed an affidavit of garnishment, wherein it was alleged that one L. M. Spencer had in his possession and under his control and custody personal property belonging to said P. S. Kern, and that said defendant had no other property exempt from execution sufficient to satisfy plaintiffs' claim and demand, and that the property in Spencer's hands was not exempt from seizure or sale under attachment or execution. This garnishment summons was duly served in the manner required by law. The garnishee, L. M. Spencer, answered to the effect that P. S. Kern, the defendant in the proceeding instituted by Barton Bros. on the 20th day of September, 1893, made an assignment of a general stock of merchandise, accounts, etc., to him, the said Spencer, for the benefit of his creditors; and that said stock of merchandise and accounts was appraised at the sum of $2,350. That he, Spencer, assignee, was in no way indebted to the defendant, nor had he been since the commencement of the action, nor was he at the time the summons in garnishment was served upon him. In due time, the plaintiffs served notice of their

election to take issue on the answer of the garnishee, and thereafter filed their reply to his answer, (1) generally denying all of its allegations, and (2) alleging that the assignment was void as to the plaintiffs, and the grounds upon which it was claimed that the assignment was void were set out in different paragraphs. The plaintiffs, Barton Bros., applied to the court for an order making the sheriff of Canadian county a party defendant, alleging in their application that the sheriff had received writs of attachment and executions against P. S. Kern, placed in his hands by different parties, and that he had served the same by levying upon the property held by Spencer as assignee, and that such writs of attachment and executions were subsequent in time to the service of summons in garnishment upon said Spencer, and alleged that, under the writs of attachment and executions, the sheriff had taken all or nearly all of the property out of the hands of Spencer, and thereby making it impossible for Spencer to surrender enough of said property upon the garnishment proceeding to satisfy the claim of the plaintiffs. Afterwards, Spencer, by supplemental answer, showed that the entire property in his hands as assignee at the time of the service of summons in garnishment, had been taken by the sheriff upon writs of attachment and execution subsequent to the date upon which the garnishment process was served upon him. The case came on for trial upon the issue joined between Barton Bros. and the sheriff and the parties claiming through the sheriff, under the writs of attachment and executions, and upon such issue the court below held and concluded as follows:

"That the summoning of the defendant, Spencer, did not create a lien of any kind upon the property of the defendant Kern, in the hands of Spencer at the time of the service of such summons in garnishment upon him, and did not place such property in the cus-

tody of the law, and that the levy of the attachment thereon by the defendant, the sheriff, after such garnishment, and with knowledge thereof, did not make such levies and the rights claimed thereunder by the execution and attachment plaintiffs, subject and subordinate to the garnishment, and the levy of such attachments were as fully effectual as though no garnishment had occurred previous thereto, and the making of the sheriff a party to the action while said property was in his hands, did not affect the attachment, nor make the same subject to the orders of the court in the case, and the property or its proceeds can not be made subject to the order of the court in this action, applying the same to the payment of plaintiff's claim, but the same must be released from the temporary injunction, and inure to the benefits of the plaintiffs in the attachments and executions."

And in the judgment rendered in the action, also entered a personal judgment against L. M. Spencer, garnishee, in favor of Barton Bros. for the full amount of their claim against Kern.

In explanation of a portion of this judgment, it may be well to state that Barton Bros. had procured a temporary injunction against the sheriff, enjoining the sheriff from turning over to the attachment and execution creditors, the money received from the sale of the stock of goods levied upon under the writs of attachment and execution.

Barton Bros. bring this case here, and assign as error, the conclusion of the court wherein it was held that Barton Bros. obtained no lien against the property in the hands of Spencer, the assignee, by virtue of the service of the garnishment summons upon said Spencer.

There is but one question before us to decide, and that is, did the service of the garnishment summons upon Spencer prior to the service of the writs of attachment and executions, have the effect of a lien upon the property held by Spencer in favor of the

garnishee creditors? Spencer, the man to whom Kern assigned his property for the benefit of his creditors, and against whom the court rendered a personal judgment, did not appeal, and the judgment rendered in the court below against him, is not here for consideration. Plaintiffs in error are contending for their lien upon the goods by virtue of their proceedings in garnishment. The court below held that, as against the subsequent attaching and execution creditors, no lien was created. Exhaustive briefs have been filed by both parties, and we have carefully examined all the authorities cited, which we are able to obtain, and, after consideration, reach the conclusion that the court below was in error.

Numerous decisions will be found in support of either doctrine, and we will not attempt to review all of them in this opinion, but will content ourselves in citing some of the cases which support our view, and which we think present the correct principle of law: *Beamer et al. v. Winter et al.*, 41 Kan. 596; *Brashear v. West*, 7 Pet. 608; *Burlingame v. Bell*, 16 Mass. 318; *Focke et al v. Blum et al.*, (Texas) 17 S. W. 770; *Ide v. Harwood*, 30 Minn. 191; *Mattingly v. Boyd*, 20 How. 128. These cases and the authorities therein cited are some of the principal ones which we think uphold our view of this question. An examination of the statutes of the states from whence these decisions come will show that they are similar to ours in many respects.

As against the doctrine, the principal cases cited are *McGarry v. Lewis Coal Co.*, 93 Mo. 237; *Bigelow v. Andress*, 31 Ill. 322; *McConnell v. Denham*, 72 Ia. 494.

In *McGarry v. Lewis Coal Co., supra*, the decision is apparently based upon a statute which, in our opinion, gives an express lien in favor of a garnishment process as against all subsequent claimants. Section 5221, Laws of Missouri, 1879, is as follows:

"Notice of garnishment, served as provided in this

chapter, shall have the effect of attaching all personal property, moneys, rights * * * of the defendant in the garnishee's possession, or charge, or under his control, at the time of the service of the garnishment." * * *

This statute would seem to expressly give to the garnishment process a lien, but the court held otherwise, and based its decision upon the ground of a want of statutory authority for such lien. We do not agree with the conclusion arrived at by the learned court in that case.

In *Bigelow v. Andress*, *supra*, we have not their statute, but gather from the opinion that they arrive at their conclusion upon the ground that before a lien upon property can be created, there must be an express statute authorizing it.

But in *Smith v. Clinton Bridge Co.*, 13 Ill. App. 572, is apparently announced a different principle. In *McConnell v. Denham*, *supra*, we have some doubt as to whether or not the court intended to decide the same question as the one involved in this case, as they had before them a garnishment against a mortgagee in possession of the chattels mortgaged; the court holding that no lien would lie in that case. Other cases are cited in support of the contention of counsel for appellee, but we have not the time to discuss them. Our statute was adopted from Kansas, and, while it is not the exact statute passed upon by the supreme court of that state, while considering the case of *Beamer et al. v. Winter et al.*, *supra*, yet, in its important features, it is very similar. Section 200, ch. 66, of our code, provides that:

"Any creditor shall be entitled to proceed by garnishment in the district court of the proper county, against any person (naming him) * * * who shall be indebted to or have any property, real or personal, in his possession, or under his control, belonging to such creditor's debtor." * * *

Then follow a number of sections relating to pro-

cedure, down to §210, which last named section provides what the character of the action shall be and the jurisdiction of the court, and is as follows:

"The proceedings against a garnishee shall be deemed an action by the plaintiff against the garnishee and defendant, as parties defendant, and all the provisions for enforcing judgments shall be applicable thereto; but when the garnishment is not in aid of execution no trial shall be had of the garnishee action until the plaintiff shall have judgment in the principal action, and if defendant have judgment the garnishee action shall be dismissed with costs. The court shall render such judgment in all cases as shall be just to all the parties, and properly protect their respective interests, and may adjudge the recovery of any indebtedness, the conveyance, transfer or delivery to the sheriff, or any officer appointed by the judgment, of any real estate or personal property disclosed or found to be liable to be applied to the plaintiff's demand, or by the judgment pass the title thereto; and may therein, or by its order when proper, direct the manner of making sale and disposing of the proceeds thereof, or of any money or other thing paid over or delivered to the clerk or officer. The judgment against a garnishee shall acquit and discharge him from all demands by the defendant or his representative for all moneys, goods, effects, or credits paid, delivered or accounted for by the garnishee by force of such judgment."

It will be noticed that this section gives complete power to the court to render such judgment in all cases as shall be just to the parties and properly protect their respective interests, and in doing so, may adjudge the recovery of any indebtedness, the conveyance, transfer or delivery to the sheriff, or any officer appointed by the judgment, of any real estate or personal property disclosed or found to be liable to be applied to the plaintiff's demand or by the judgment pass the title thereto; and may therein, or by its order direct the manner of making sale, dispose of the proceeds of the sale, etc.

Under this section we find authority to do everything in connection with the property found in the garnishee's hands, which is necessary to be done, in order to satisfy any judgment the creditor may obtain against the principal debtor. In short, as we analyze this section, it gives the court complete jurisdiction over the person and property of the party against whom the process of garnishment is issued from the time of service thereof until the final disposition of such property has been made, and the proceeds thereof turned over to the creditor in satisfaction of his debt. And not until the property found in the possession of the garnishee has been so disposed of does his liability to the creditor cease. Section 213 of our Code recites that:

"From the time of the service of the summons upon the garnishee he shall stand liable to the plaintiff in the amount of property, moneys, credits and effects in his possession or under his control belonging to the defendant or in which he shall be interested, to the extent of his right or interest therein, and of all debts due or to become due to the defendant, except such as may be by law exempt from execution. Any property, moneys, credits and effects held by a conveyance or title, void as to creditors of the defendant, shall be embraced in such liability."

Here then we have an express liability for the property from the time of the service of garnishment, and in § 200, *supra*, the right given to the creditor to proceed against a party by garnishment process, and in §210 a complete jurisdiction given to the court to try the question as between the creditor and party garnisheed, and to take possession of the property found in the hands of the garnishee and dispose of the same in satisfaction of the debt. What more is needed in order to give a lien upon the property in favor of the creditor? This view of our statute gives full effect to the provisions respecting garnishment proceedings. Under the contention of counsel for appellee we

would nullify the effect of the law.    To say that a creditor may have process against a party holding property of debtor and to follow that with the assertion that a subsequent attaching creditor may seize and hold the property so discovered by the garnishment process and thus take it out of the power of the party garnisheed to apply the property to the satisfaction of the debt of the creditor who first found the property, is equivalent to saying that such creditor shall not be entitled to proceed by garnishment, as such a conclusion would put it out of the power of the garnishee to respond in satisfaction of the debt, except as, in this case, the court rendering judgment in favor of the attaching creditors, thereby giving them the property, should also render a personal judgment against the party garnisheed.    In such case the efficacy of the garnishment proceedings would depend upon the solvency of the party garnisheed.    Clearly not contemplated by the statute, because the right to a judgment is often contingent upon finding property in the hands of the party garnisheed.    And such judgment may be for property.

In *Beamer et al. v. Winters et al., supra*, in speaking of the effect of garnishment, the court says: "Garnishment is attachment in the hands of a third person, and is thereby a species of seizure by notice."    "Upon an examination of the record and the controlling authorities we are of the opinion that the effect of the garnishment was to place the personal property of the debtor in the garnishee's hands, in the custody of the law, from the date of the service of the notice or summons.    The service of the garnishment notice or summons is a constructive attachment or seizure," citing authorities in support of this doctrine.

To the same effect are the decisions in *Breashear v. West, Burlingame v. Bell, Focke et al. v. Blum et al, Ide v. Harwood, Mattingly v. Boyd, supra.*    If, from the time of

the service of summons in garnishment, the property is in *custodia legis*, then it follows that such proceding is in the nature of an action *in rem* as well as *personam*, and this is the opinion of the supreme court of Texas in *Focke v. Blum, supra.* This view of the law is mani-festly just; it gives entire effect to the statute, and is, we think, well supported by authority and sound in principle.

In this case no question was raised in the court below as to the right of appellant to proceed in the manner he did, and therefore we are not called upon to pass upon any question of practice in this case.

The judgment of the court below is reversed.

Burford, J., having presided at the trial, not sitting; all the other Justices concurring.