**ZESTEE FOODS, INC., an Oklahoma Corporation, Plaintiff-Appellant,**

v.

**PHILLIPS FOODS CORPORATION, an Illinois Corporation, Defendant-Appellee.**

No. 75–1541.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted April 12, 1976.

Decided May 21, 1976.

C. Rabon Martin, Tulsa, Okl., for plaintiff-appellant.

Nicholas G. Dozoryst, II, Chicago, Ill. (Chatz, Sugarman & Abrams, and Joel A. Haber, Chicago, Ill., of counsel, on the brief), for defendant-appellee.

Before HILL, SETH and DOYLE, Circuit Judges.

DOYLE, Circuit Judge.

Appellant, Zestee Foods, has appealed a judgment of the district court dismissing its

garnishee summons against Phillips Food Corporation. This had been served on Jewett and Sherman, the garnishee, which was indebted to Phillips, an Illinois corporation.

On September 29, 1971, Zestee sued Phillips in the United States District Court for the Western District of Oklahoma. A judgment was recovered against Phillips in the amount of $48,085.00 together with an attorney's fee of $12,000 plus interest and costs.

On November 24, 1972, a petition was filed in involuntary bankruptcy against Phillips. This resulted in Phillips being adjudicated a bankrupt in the United States District Court for the Northern District of Illinois on December 18, 1972. Meanwhile, the subject garnishee summons had been served on Jewett and Sherman on December 12, 1972. In its answer filed December 18, 1972, the garnishee admitted its indebtedness to Phillips in the sum of $11,283.03. It sought adjudication as to whether Zestee or the Trustee in Bankruptcy, competing claimants, was entitled to the funds in its hands. Following the filing of the garnishee summons, the case in the Western District of Oklahoma remained inactive until April 14, 1975. On that date the Trustee intervened by filing a motion to dismiss the garnishee summons. This motion was granted on May 29, 1975.

On this appeal Zestee's contentions are:

First, that the Trustee's motion to dismiss was procedurally inadequate. The validity of this contention is linked to Zestee's other contention that it had created a preference by serving the garnishee summons.

Second, that the service of the garnishee summons created a lien and resulted in a preferential transfer.

Third, that preferential transfer having occurred, it was incumbent on the Trustee to have filed a plenary suit to set aside the preference within the two-year statute of limitations, 11 U.S.C. Section 29(e). Since the Trustee failed to attack the preference, it matured into garnishor Zestee's absolute right to the funds in the hands of the garnishee.

The response of the Trustee for Phillips is that Bankruptcy Rule 401 automatically stayed the proceedings in the Western District of Oklahoma and that this became effective on the date of the filing. Appellant in turn replies with the contention that Rule 401 did not become effective until October 1, 1973, and thereby the automatic stay did not take effect until long after the filing and the adjudication of bankruptcy; that it could be effective only if it was in existence as of adjudication.

The answer to all of this is found in Section 401(a) of the Bankruptcy Rules which provides in essence that the filing of a petition shall operate as a stay of the commencement or continuation of any action against the bankrupt or of *the enforcement* of any judgment against him if the action or judgment is founded on an unsecured provable debt. Part (b) in effect states that the stay shall continue until the bankruptcy petition is dismissed or the bankrupt is denied a discharge or otherwise loses his right thereto.

It is the words of Section 401(a) which answer Zestee's contention. The Rule declares that the stay is in effect during the continuation of any action or the enforcement of any judgment. The simple answer is that here the submission of the garnishee summons is part of the enforcement efforts of Zestee. By the specific terms of the rule the automatic stay takes effect.

There is an additional answer to the stay problem. On November 5, 1973, the bankruptcy judge enjoined Zestee Foods from proceeding against any and all funds held by Jewett and Sherman, saying that said funds were an asset of the bankruptcy estate. The judge declared:

Ordered that Zestee Foods, Inc. is restrained from further proceeding against any and all funds held by Jewett & Sherman Co., said funds being an asset of the bankruptcy estate.

Also, on April 12, 1973, the judge ordered Zestee Foods to make any and all claims to the Jewett and Sherman money in the

bankruptcy court. The money was ordered to be turned over to the Trustee.

But there is still another reason which supports the action taken by the district court. This was ignored by the parties as was the bankruptcy judge's injunction in their preoccupation with the operation of Rule 401.

█ Let us assume that under Oklahoma law the service of a garnishee summons is capable of constituting a transfer of property. *See Berry-Beall Dry Goods Co. v. Adams,* 87 Okl. 291, 211 P. 79 (1922); *Barton v. Spencer,* 3 Okl. 270, 41 P. 605 (1895). The preferential transfer claimed could not be under these circumstances legally effective. Section 60(a)(1) of the Act, 11 U.S.C. 96(a)(1) defines a "preference" as a "transfer . . . of any of the property of the debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing of [a bankruptcy petition]." Collier recognizes this in discussing the fifth element of preference requiring that the transfer be within four months of filing of the petition. *See* 3 Collier on Bankruptcy, Section 60.32, wherein he discusses the significance of the four months period and explains that a transfer prior to the four months period lacks the essential element of a preference and that a transfer after the filing of the petition does not constitute a preference since by the terms of 70(a) of the Act, the title to the bankrupt's property passes to the trustee as of the date of filing the petition. We are not saying that there could never be a transfer as a result of a garnishee summons. We are saying that there was not a preferential transfer here. Since the purported transfer occurred after the filing of the petition it was abortive. At that time the property in question, the sum owed to Phillips, inured to the Trustee. Section 70 of the Act, 11 U.S.C. Section 110, vests the bankruptcy trustee with title to all non-exempt property held by the bankrupt as of the time of the filing of the petition. It was, therefore, entirely appropriate for the district court to dismiss the garnishee summons.

Inasmuch as our holding is that there was not a preferential transfer, we need not consider Zestee's additional point that the Trustee lost because of its failure to file a plenary suit attacking the "preference" within a two-year period.

The judgment of the district court is affirmed.