ALBERT MENDLESON, plaintiff in error, vs. SHADRACK S. PARDUE, trustee, defendant in error.

A junior judgment for money, though in favor of a trustee and based on the conversion of trust property, is not entitled to priority, over older judgments against the defendant, in the distribution of a fund brought into court under process of garnishment.

Judgments. Trusts. Before Judge TOMPKINS. Richmond Superior Court. October Adjourned Term, 1875.

Reported in the decision.

C. H. COHEN, for plaintiff in error.

H. CLAY FOSTER, by SALEM DUTCHER, for defendant.

WARNER, Chief Justice.

This case came before the court below on a rule against the sheriff to distribute money, on the following statement of facts: Shadrack S. Pardue, as trustee for Mary S. Pardue and children, sued out an attachment against James H. Pool for the sum of $2,840 68, which was levied by serving a summons of garnishment on Heard & Company, as garnishees of Pool. In June, 1870, the plaintiff in attachment obtained judgment against Pool for the aforesaid sum of money, for trust property which he had converted. The money in the sheriff's hands was raised from the garnishees, as the property of Pool. Mendleson placed three justice court *fi. fas.* in the sheriff's hands, issued on judgments obtained against Pool in December, 1869, and claimed that the money due thereon should be paid out of the money in the sheriff's hands, raised from the property of Pool. The court ordered the money in the sheriff's hands, realized by the garnishment upon Heard & Company, to be paid over to Pardue, trustee; whereupon Mendleson excepted.

The judgment against Pool in the attachment suit in favor of Pardue, trustee, in which the summons of garnishment issued, is dated in June, 1870. The judgments on which Mendleson's *fi. fas.* issued against Pool, are dated in December, 1869, and being of older date than Pardue's judgment against Pool, were entitled to priority of payment out of the proceeds of *his* property. The money in the hands of the sheriff was raised by virtue of a process of garnishment as the property of Pool in the hands of the garnishees, and should have been distributed as such between his judgment creditors according to the priorities now established by law: Code, section 3545.

Let the judgment of the court below be reversed.