Hall & Ruckel *vs.* Daniel & March.

---

## HALL & RUCKEL *vs.* DANIEL & MARSH.

1. Where pending suit against defendants in the city court, summons of garnishment was sued out and served on the garnishees, who answered that they were indebted $180.00; and subsequently thereto suit was brought in the justice court against the same defendants and the same parties were served with summons of garnishment in said justice court and judgment was first had against the defendants in

the justice court, and in answer to said summons of garnishment, the garnishees admitted the same indebtedness in that court, and under its order paid the judgments there rendered ; and when judgment was subsequently rendered in the city court the plaintiffs there moved to enter up judgment against the garnishees, and they amended their answer, setting up the fact of their payment of the older judgments in the justice court, under an order of that court:

*Held*, that the garnishees were protected in their payment of the senior justice court judgments to the extent of those payments.

2. Where prior to the service of the summons of garnishment on the garnishees in the justice court, an order was served on them from the defendants in execution to pay the plaintiffs in the city court their claim of $154.00 out of the $180.00 which the garnishees owed said defendants, and it was claimed that, on that ground and for that reason, the plaintiffs in the city court were entitled to judgment against said garnishees:

*Held*, that as creditors of the defendants in *fi. fa*, seeking to have judgment against the garnishees on the ground of the indebtedness by the garnishees to those defendants, the said plaintiffs in the city court were not entitled to such judgment, whatever might be their legal rights on a suit for said fund or a claim entered therefor upon the title acquired by said order.

Garnishment. Contracts. Before Judge CLARK. City Court of Atlanta. June Term, 1878.

Reported in the opinion.

JNO. D. CUNNINGHAM ; GEO. C. SPANN, for plaintiffs in error.

CANDLER & THOMPSON, for defendants.

JACKSON, Justice.

1. The plaintiffs sued Brooks & Co. in the city court and garnisheed Daniel & Marsh therein ; subsequently, other creditors sued Brooks & Co. in the justice court, and garnisheed Daniel & Marsh in that court. Daniel & Marsh answered in both courts the amount of their indebtedness to Brooks & Co. Judgments were rendered against Brooks & Co. first in the justice court, and also against the garnishees, and, under the order of that court, the judgments

therein rendered were paid by the garnishees. When judgment was afterwards rendered in the city court against Brooks & Co., a motion was made to enter judgment against the garnishees there too, to which they replied that they had paid part of what they owed Brooks & Co. to older judgments against them, rendered in a justice court, by order of that court, and set up an amended answer to that effect. The city court held the payment to the older justice court judgments good, and the question is, is that decision law? We think it is. Section 3545 of our Code declares that "all money raised by process of garnishment under this Code shall be paid over to the creditors of the defendant according to the priorities now established by law—the expenses of the moving creditor being first paid *pro rata* by the judgment creditors receiving the benefit of his diligence." So that if the whole fund had been in the city court for distribution, that court would have ordered the fund distributed just as it was distributed to these older justice court *fi. fas.* first, and the only question would have been as to what expenses of the creditors moving in that court ought to be paid by those creditors who got the money,* and thereby received the benefit of the diligence of the moving creditors.

It can make no difference that the garnishees paid it by order of another court, if it was paid where the city court would have directed it paid. So that the only question would be as to expenses; but that is not made in the bill of exceptions and the record in this case. Even if it had been made, it is questionable, to say the least, whether under the facts of this case expenses would have been allowed to Hall & Ruckel; because the justice court judgment creditors received no benefit from their diligence, but sued and garnisheed themselves in another court having jurisdiction of their cases. But the point about expenses is not made and need not be considered.

The main point clearly made in the record is ruled substantially in *Mendleson vs. Pardue*, 57 *Ga.*, 202. The only

difference is that there the fund was distributed by one court; here it was disposed of by two courts, the one ratifying and affirming, however, what the other had done. So that the Code and the judgment of this court both settle the law of this point in accordance with the judgment of the court below.

2. But it seems that the defendant had ordered the garnishees to pay the money over to Hall & Ruckel, and it is argued that this order binds the garnishees, and makes them responsible in the city court by this proceeding against them in that court. We cannot see how they can be reached under this order in this way. Possibly if the order reached the garnishees before they had been garnisheed in the justice court, and they did not pay the money at once, and thereby the plaintiffs were injured, they might recover in an action for such injury; but after garnishment was served upon these garnishees by process from any court having jurisdiction, the defendants had no longer control of the debts due them, and any order of theirs could not affect the rights of creditors.

The judgment of the city court must therefore be affirmed.

Judgment affirmed.