CHAUNCEY H. SMITH, PLAINTIFF IN ERROR, v. RACHAEL AINSCOW, DEFENDANT IN ERROR.

**Garnishment.** Defendant in error was the assignee of a note and chattel mortgage, executed by G. P. H., and J. H., his wife, mortgage on household goods claimed by J. H. Edward Ainscow, husband of defendant in error, acting for her, together with G. P. H., took the goods to plaintiff in error, who was an auctioneer, who agreed to sell the goods on the chattel mort-

gage and pay the proceeds, less 10 per cent commission, to defendant in error. While the sale was progressing plaintiff in error was served with process of garnishment as a debtor of G. P. H. He did not notify defendant in error of such proceedings, and made his answer and disclosure therein without revealing on whose account he received the goods, nor that defendant in error was the owner of the chattel mortgage, nor that J. H. claimed to own the goods. The justice ordered him to pay the proceeds of said goods into court, which he did upon receiving a bond of indemnity from one of the garnishing creditors. On suit by defendant in error for the proceeds of said goods, *Held*, that said order and payment thereon by the plaintiff in error constituted no defense to such action.

ERROR to the district court for Douglas county. Tried below before SAVAGE, J.

*Charles J. Green* and *E. F. Smythe,* for plaintiff in error.

*George E. Pritchett,* for defendant in error.

COBB, J.

The plaintiff in error having filed no brief in this case, nor even pointed out in his petition in error, specifically, the points upon which he relies for a reversal of the judgment, the same should be affirmed *pro forma.* Nevertheless, we have carefully examined the record, but fail to find any material error.

It seems that one George P. Hines, and Jennie Hines, his wife, executed a chattel mortgage to one A. M. Bernstein, upon certain household goods, the property of said Jennie Hines. This mortgage was assigned to Rachel Ainscow, the defendant in error. The mortgaged property—the debt having matured—was taken by George P. Hines, and Edward Ainscow, husband of the defendant in error, to the auction rooms of the plaintiff in error, and placed in his hands for sale at

auction as the property of said Jennie Hines to foreclose said mortgage. The plaintiff in error received said property accordingly, and proceeded to sell it. While the sale was progressing, certain of the creditors of George P. Hines caused process of garnishment to be issued and served on the plaintiff in error, and upon his answer being made in said suit of garnishment, the justice before whom the matter was pending ordered him to pay the proceeds of such sale into court, except $25.35, which order he complied with, having first been indemnified against all risk in so doing by one of Hines' creditors. Defendant in error then brought suit and recovered judgment against plaintiff in error. To the said claim of defendant in error plaintiff in error pled the said proceedings in garnishment, and the order of said justice to pay said money into court, and his compliance therewith, and now brings this case in error to reverse said judgment.

Had the plaintiff in error notified the defendant in error of the proceedings in garnishment, allowed her to manage the defense thereto, and been particular to have stated all the facts in the case in his answer to the garnishee process, then the order of the justice of the peace upon him to pay the said money into justice's court might have availed him as a defense to this action. But there is no pretense that he ever notified her of the service or pendency of the process of garnishment, or that he would have allowed her or her attorney to take charge of his defense; and in his disclosure before the justice of the peace he seems to have stated everything which would tend to hold him on said process, and nothing—which he evidently could have done—calculated to show to the court the true character of his employment to sell said goods, and that he was accountable to the holder of the chattel mortgage for the proceeds of the sale. At all events

there was evidence before the district court amply sufficient to sustain its finding and judgment.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.