## SECOND PAYMENT REQUIRED FROM GARNISHEE.

Common Pleas Court of Cuyahoga County.

### THE P. A. GEIER COMPANY v. THE RELIANCE ELECTRIC & ENGINEERING COMPANY.

Decided, March 28, 1913.

*Attachment and Garnishment—Effect of Entry Dismissing Garnishee—Where Rights of Parties Not Before the Court are Affected Thereby—Garnishee Required to Pay Second Claimant Balance Returned to Judgment Debtor—Collateral Attack—Res Adjudicata—Parties Presumed to Have Notice of Procedure Regularly Taken—Nature of the Remedy of Attachment—Judicial Notice of Pending Cases and Proceedings Had Therein.*

1. Where a nisi prius court is composed of several judges they are not bound to take judicial notice of all the cases pending before the court as a whole or of proceedings which are being taken therein; and in endorsing an entry, a judge only passes upon the issues presented by the case before him as disclosed by the evidence and information he then has; and in so far as such an entry affects the rights of parties to another case and who are not before him, it is void.
2. A garnishee who has been served with process in two different actions and has filed answers in both, is not relieved from liability for payment of the claim in the second case by compliance with an order made in the first case for payment to the clerk of court of the amount due the judgment debtor from the garnishee, the satisfaction therefrom of the claim involved in said first case, the transmission of the remainder to the non-resident debtor, and the discharge of the garnishee from further liability.

*Geier, Farrell & Edwards,* for plaintiff.
*Hitchcock, Morgan & Fackler,* contra.

FORAN, J.

Briefly stated, the facts in this case are as follows: the Crystal Window Glass Company, of Pennsylvania, a corporation, on or before February 4, 1910, was indebted to one David Gaehr, a citizen of Cleveland, Ohio, in the sum of $392.35. It was also

indebted at the same time to the plaintiff, the P. A. Geier Company, a corporation, in the sum of $905.31, some $300 of which amount has since been paid by the Crystal Window Glass Company. At the same time the defendant in this case, the Reliance Electric & Engineering Company, was indebted to the Crystal Window Glass Company in the sum of $1,089.55.

On February 4, 1910, David Gaehr filed a petition and affidavit for attachment in the Court of Common Pleas of Cuyahoga County, Ohio, the petition being against the Crystal Window Glass Company, and the affidavit for attachment was in the usual form, and claiming that the defendant was a foreign corporation, and that the Reliance Electric & Engineering Company had in its possession property belonging to the said defendant, the Crystal Window Glass Company. This case was numbered on the docket of the common pleas court of this county 116877.

On the 5th day of February, 1910, the P. A. Geier Company filed a similar petition and affidavit for attachment.

Summons and order of attachment was duly issued in each case, and duly served on the Reliance Electric & Engineering Company, and due return thereof made February 7, 1910, by the sheriff of this county. The P. A. Geier Company's action was numbered upon the common pleas court docket of this county as 116,887. In both cases the return of the sheriff shows that the Crystal Window Glass Company was not found in Cuyahoga county, Ohio.

In the David Gaehr case an affidavit for service by publication upon the Crystal Window Glass Company was filed February 26, 1910; and record of docket entry shows that on March 7, 1910, a copy of the *Illustrated Times and Greater Cleveland*, a newspaper containing notice of the affidavit for service by publication, was mailed to Falls Creek, Pennsylvania, where the principal office of the Crystal Window Glass Company was located.

Affidavit for service by publication was also filed in the case of P. A. Geier Company against the Crystal Window Glass

Company; and the record of docket entry shows that on April 13, 1910, a copy of the same newspaper mentioned above, of date April 7, 1910, containing notice that an action had been begun against the Crystal Window Glass Company, was mailed to it at Falls Creek, Pennsylvania, postage prepaid.

On May 21, 1910, proof of publication for service against the Crystal Window Glass Company was filed by the P. A. Geier Company; and on June 13, 1910, another affidavit for service by publication in the Geier case was filed; and on June 21, 1910, as appears of record, a copy of the same newspaper, dated June 16, 1910, containing the notice of the case, was mailed to the Crystal Window Glass Company, postage prepaid.

On August 8, 1910, the P. A. Geier Company filed its proof of publication in this case, which was approved by the court on the same day.

The Reliance Electric & Engineering Company, garnishee, filed its answer in both cases on April 4, 1910, in which answers it admitted that it was indebted to the Crystal Window Glass Company in the sum of $1,089.55.

On April·25, 1910, David Gaehr obtained a judgment by the consideration of this court against the defendant, the Crystal Window Glass Company, for $409.27; and the garnishee, the Reliance Electric & Engineering Company, was ordered to pay to the clerk of this court said amount, together with plaintiff's costs.

On June 18, 1910, the Reliance Electric & Engineering Company filed a motion to vacate the judgment obtained in the Gaehr case, as above stated, April 25, 1910, which motion was, on July 11, 1910, heard and overruled by the court; and on July 13, 1910, the court entered an O. S. J., and journal entry was accordingly prepared and approved by the court, which journal entry in effect provides that the case of David Gaehr against the Crystal Window Glass Company was heard on the petition and evidence, and defendant being in default of answer or demurrer, the court found that the facts set forth in

the petition were true, that the Reliance Electric & Engineering Company was indebted to the Crystal Window Glass Company in the sum of $1,089.55, which amount the court ordered paid to the Clerk of this Court; and that, after the payment of the costs and the judgment of David Gaehr out of the sum so paid to the clerk of this court, the balance should be returned to the Crystal Window Glass Company. Before this journal entry was made, David Gaehr obtained a judgment against the Reliance Electric & Engineering Company for the amount of its judgment obtained in his case against the Crystal Window Glass Co.

From the docket entries of this court it further appears that on July 19, 1910, $416.43 was paid to David Gaehr, according to the above order; and $633.27 was duly transmitted by check to the Crystal Window Glass Company at Falls Creek, Pennsylvania, by the clerk of this court.

On August 8, 1910, the plaintiff in this case, the P. A. Geier Company, obtained a judgment by default against the Crystal Window Glass Company for $964.18 and costs, recoverable out of the property attached; and the garnishee, the Reliance Electric & Engineering Company was ordered to pay money in its hands to the clerk, he to apply the same on this judgment and costs, the balance, if any, to be returned to the defendant, the Crystal Window Glass Company.

It will be noticed that, under and by virtue of the order of this court and the journal entry approved by the court, of date July 13, 1910, $416.43 of the fund had been paid to David Gaehr, and the balance, $633.27, after costs had been paid, was transmitted by the clerk of this court to the Crystal Window Glass Company; so that the order made by this court on August 8, 1910, in favor of the P. A. Geier Company, the plaintiff in this action, so far as this fund is concerned, depends upon the fact as to whether the garnishee, the Reliance Electric & Engineering Company, was in fact discharged from further liability by the order and journal entry of July 13, 1910. If that order is conclusive and if it in fact discharges the Reliance

Electric & Engineering Company from all further liability, then this action must fall. The present action is numbered 132142, and was filed June 16, 1911, a supplemental petition being filed November 21, 1910. The first petition, filed June 16, 1911, sets forth the facts heretofore enumerated, and alleges that the Reliance Electric & Engineering Company failed to comply with the order of this court made August 8, 1910, and refused to comply with said order, and prays judgment against the Reliance Electric & Engineering Company for the sum of $633 with interest from the first day of the July term of 1910. The supplemental petition avers that certain payments have been made by the Crystal Window Glass Company on the original indebtedness since the beginning of its action on February 5, 1910, and the prayer of the supplemental petition is for judgment in the sum of $533.55, with interest.

The question then presented is this: the Reliance Electric & Engineering Company having fully complied with the order of this court made July 13, 1910, and having returned, through the clerk of this court, all the money in its hands belonging to the Crystal Window Glass Company, after the payment of the David Gaehr judgment and costs incident thereto, can it now be required to again pay to the plaintiff in this action the money, or so much thereof as may be necessary to pay the claim of the plaintiff, which was returned by the clerk of this court to the Crystal Window Glass Company?

Counsel for the defendant contend that the order of this court of July 13, 1910, is conclusive, and fully protects the defendant, because the language of the order is: "that the Reliance Electric & Engineering Company is hereby discharged from further liability herein." The claim of counsel for the defendant is, that before the plaintiff in this case can prevail, this journal entry of July 13, 1910, must be vacated. It will be noticed, however, that the order of July 13, 1910, only discharged the Reliance Electric & Engineering Company from further liability in the case in which that order was made, that is, the case of David Gaehr against the Crystal Window

Glass Company, in which the Reliance Electric & Engineering Company was garnishee.

The contention of the defendant is, that this proceeding is in the nature of a collateral attack upon a judgment of this court still unreversed, made by the court with full jurisdiction over the parties and the subject-matter of the action.    The difficulty with this contention, however, is, that the P. A. Geier Company, plaintiff herein, was not a party to the action in which the order of the court was made.    A large number of authorities on the question of collateral attack are cited, but if the view which the court takes of this matter is correct, it is not necessary to consider them.

A collateral attack has, in general terms, been defined as "an attempt to defeat the operation of a judgment in a proceeding where some new right derived from or through the judgment is involved."    *Kingsbury* v. *Tousley,* 56 O. S., 450.

As we understand the situation, the plaintiff in this case is not seeking or attempting to defeat the operation of the judgment or order rendered in the Gaehr case July 13, 1910, because some new right derived from or through that judgment or order is involved.    The plaintiff is seeking to recover a judgment against the defendant, the Reliance Electric & Engineering Company, because it was not a party to the action in which the above order was made, and that, therefore, its rights were not concluded by the order, and mainly for the reason that it was the duty of the defendant, the Reliance Electric & Engineering Company, when this order was made, or before it was made, to inform the court of the fact that the plaintiff in this action had secured an attachment upon this money, and that the defendant had full notice thereof.    That third persons may impeach a judgment for fraud or collusion in its procurement, must be admitted.    *Cattle Company* v. *McGillan,* 7 N. P., 575, and authorities there cited.

Third parties are accorded this right because, not being parties to the action, anything determined by it as to them is not *res adjudicata* as against them.    While it is true that all strangers

to the action may not be permitted to do this, surely those strangers who, if the judgment were given full credit and effect, would be prejudiced in regard to some pre-existing right, ought to be or are permitted to impeach a judgment if that were really necessary in a case of this kind.  Being neither parties to the action nor entitled to manage the case or appeal from the judgment, they are by law allowed to impeach it whenever it is attempted to be enforced against them.  *Fremont on Judgments*, Section 335.

While it is true that the judgment or order of this court of July 13, 1910, is not being enforced or attempted to. be enforced against the plaintiff in this action, still that judgment or order is sought to be used as a shield to protect the defendant, the Reliance Electric & Engineering Company, from the payment of the plaintiff's claim.

It may be stated as an elementary proposition, that when a man or a corporation is duly served with process, in an action brought in a court of record, against him personally or as affecting him as garnishee, and he files an answer in the action, he is presumed to have notice of everything thereafter regularly done in that action or proceeding.

From the statement of the case as above outlined, the defendant, the Reliance Electric & Engineering Company, was duly served with process in the case of the P. A. Geier Company v. the Crystal Window Glass Company, the case numbered 116,887; and as it thereafter answered in this case admitting that it was indebted to the Crystal Window Glass Company, it can not now be heard to say that it did not have notice of the claim of the P. A. Geier Company at the time the judgment and order of July 13, 1910, were made, and when it, in pursuance of that order, paid the whole amount, $1,089.55, which it owed to the Crystal Window Glass Company, into court.

The only question then is, does this judgment, or order of July 13, 1910, protect the garnishee under the circumstances? Having full notice of the claim of the P. A. Geier Company, the plaintiff in this action, there is a strong suggestion of col-

lusion in the proceeding. ·Surely, if the court or judge .who entered judgment and made the order of July 13, 1910, had had knowledge of the facts and knew that the P. A. Geier Company, the plaintiff in this action, had a claim to this money and had duly attached the same, it would not have made such an order. It can not be said that one branch of this court, the court consisting of twelve judges, is bound to take judicial notice of every case upon the dockets of the court. When the court entered the judgment and the order of July 13, 1910, it was passing upon the issues presented by the case then before it, as disclosed by the evidence or information that the court then had; and we are firmly of the opinion that one branch of the court is not bound to take notice, in deciding one case, of what may appear from its own records in another case, unless it is brought to the attention of the court in some way or by being made a part of the record in the case before the court or under consideration. ·A number of authorities might be cited in support of this proposition, but we do not think it is necessary to refer to any case except that of *Myers* v. *State*, 46 O. S., 473, in which it was held, substantially, in a contempt proceeding, that in the trial of a contempt proceeding it is competent for a judge to take judicial notice of pertinent facts connected with the transaction which comes within the cognizance of his own senses; but it is not competent for him to take judicial notice of and consider in his deliberations that the respondent had been guilty of another contempt of the same court for which he had theretofore been tried and found guilty. It would not only be taxing, but vexing our patience to admit the contention that one branch of this court is bound to take judicial notice of some three or four thousand cases pending and upon the dockets of the court.

By Section 11848, General Code, it is provided that a garnishee may pay the money owing by him to the defendant, or so much thereof as the court orders, to the officer having the attachment, or into court. But it is further provided that, "he shall be discharged from liability to the defendant for money

so paid, not exceeding plaintiff's claim.'' If the defendant in this case could only be discharged from liability to the Crystal Window Glass Company for the money it paid into court not exceeding the claim of David Gaehr, it would be difficult to conceive how it could be discharged from liability to the plaintiff in this action, under all the circumstances, it having full notice of the pendency of the plaintiff's suit, and having answered in the original action brought by this plaintiff against the Crystal Window Glass Company admitting that it was indebted to the Crystal Window Glass Company.

Where a garnishee has received notice of the claim of third persons to property or money in his hands sought to be reached by garnishment proceedings, it is his duty, for his own protection, to make disclosure of such fact before final judgment is entered against him, as otherwise a judgment against him as garnishee will be no defense to an action against him by the claimant for the same property or debt. 20 Cyc, 1131, and cases there cited.

We believe that before the defendant, the Reliance Electric & Engineering Company, can be held to be protected by the order of July 13, 1910, it must appear that when that judgment and order was entered, it either informed the court of the pendency of the claim of the P. A. Geier Company, the plaintiff in this action, or notified the plaintiff that such judgment or order was about to be entered, and gave it an opportunity to be heard before such judgment or order was entered.

We further believe that it was clearly the duty of the garnishee, when this judgment and order was made, to make known to the court that it had been notified of the claim of the P. A. Geier Company, and that the money in its hands had been attached not only by David Gaehr, but also by the P. A. Geier Company; and if it failed to do this—and it is quite evident that it did—and permitted the money in its hands to be paid into court, and the balance, after payment of costs and the claim of David Gaehr, returned to the Crystal Window Glass Company, it did so at its peril, and was not discharged by such

action, or by said journal entry or order of this court, from its liability to the P. A. Geier Company. 134 Ala., 343.

In *Twelves & Company* v. *Lodano*, 15 Ala., 732, it appears that an attachment was sued out by T. against F., and L. was garnisheed as a debtor of F. After service of the garnishment, F. obtained judgment against L. for the amount of the debt due from him, in the same court in which the attachment was pending, and execution issuing thereon, L. paid the amount to the sheriff, by whom it was paid to the attorney of F., who, pursuant to instructions previously given him by F., paid the money to a third person. It was held that upon this state of facts the garnishee was liable to the plaintiff in attachment. Suppose, for instance, that after the plaintiff, the P. A. Geier Company, had sued out its attachment against the defendant in this case, the Crystal Window Glass Company had brought suit against the defendant, the Reliance Electric & Engineering Company, and obtained a judgment for the amount due it, and the Reliance Electric & Engineering Company paid that judgment with full notice of the pendency and claim of the P. A. Geier Company case, would it be liable to the P. A. Geier Company for the money so attached in an amount sufficient to pay the claim of the P. A. Geier Company? We think the facts are identical, and it must be held that the garnishee is liable to the plaintiff in this action.

A glance at the nature and purpose of the provisional remedy of attachment, we think, will make it clearly evident that the view taken by the court is sound and tenable.

The statutes of Ohio, and of practically all the states of the Union, relating to attachment and garnishment have their source in the ancient custom of foreign attachments used in London. A garnishment is a species of attachment, and may be said to be ancillary thereto, the distinction between garnishment and attachment being, that the validity of garnishment is not dependent upon the officer's taking possession of the property; and, secondly, it creates no lien in favor of the plaintiff upon the defendant's property capable of manual delivery (*McGarry*

v. *Lewis Coal Company,* 93 Mo., 237). But a garnishment does hold the garnishee to a personal liability, and gives to the attaching creditor a lien on the debt so far as to restrain the garnishee from paying it over to the original debtor. *Shinn on Attachment and Garnishment,* Section 467; *McConnel* v. *Denham,* 72 Ia., 494.

When the proper affidavit is filed, the court is empowered by statute to attach all money due from the garnishee to the judgment debtor, to answer the judgment debt; and this order binds the debts in the hands of the garnishee; and if he does not dispute the liability, the money may be ordered into court. An attachment is in the nature of an execution in advance (*Rempe* v. *Ravens,* 68 O. S., 113). Attachment is an extraordinary remedy in the nature of an execution before judgment (*Green* v. *Coit,* 81 O. S., 280). An attachment is a statutory remedy, and is intended to create a lien on the property of the defendant. *Green* v. *Coit, supra.*

The court acquires jurisdiction by the issuing of process upon petition filed, predicated upon the requisite affidavit. Our statute provides, that after an attachment has issued and an affidavit has been filed, and a third person holds in his possession property or money belonging to the original defendant, others may then acquire an interest in the same fund by way of orders of attachment or garnishment, which is analogous, though perhaps the rules of priority may differ, to the case of levies of different executions issued after judgment (*Ward* v. *Howard,* 12 O. S., 160). Of course the lien created by the attachment proceedings of the P. A. Geier Company, in case No. 116,887, was subject to the lien of David Gaehr in case No. 116,877; and the P. A. Geier Company could only claim the excess or residue after the claim of David Gaehr had been paid.

It is quite evident, therefore, from the nature and purpose of this remedy, that a lien upon the fund in question was created and imposed when process upon the affidavit in case No. 116,887 was served upon the defendant in this case, the Reliance Electric & Engineering Company. In the case of the P. A. Geier Com-

pany, No. 116,887, an answer was filed by the defendant; and it has been held that when a garnishee files an answer in a garnishment proceeding, he is thereafter considered as continuing before the court for the purpose of receiving its judgment (*Lockhau* v. *Johnson*, 9 Ala., 233). And this is so even though the garnishee denies liability to the original defendant. *American Distributing Company* v. *Distilling Company*, 24 Civ. Proc. Rep., 245; 33 N. Y. S., 546.

It is a self-evident proposition, and has always been so considered, that no judgment is *res adjudicata* as to matters which have not been adjudicated. The rights of no person are *res adjudicata* unless such person has been a party to the proceedings legally determined by the court. *Shinn on Attachments and Garnishments*, Section 727.

This being, true, this court, when it made the order and entered judgment on July 13, 1910, which it is claimed protects the defendant in this case, had no power or authority to make that order, or any order releasing the lien created by the proceedings instituted by the P. A. Geier Company in case No. 116,887. It did not take or assume jurisdiction in that case, which was not before it or under consideration at that time; and therefore the order or judgment in the case of David Gaehr, that is, the order of July 13, 1910, so far as it affects the rights of the P. A. Geier Company, is void and of no effect, and it is not necessary to attack that judgment or order, collaterally or otherwise.

Again, it has been held that the garnishee is under obligation to show in its answer, not only that the fund has been assigned or is exempt, but he must disclose all facts relative to the interest of strangers to the suit, whether the same be existing liens, equities under special contract, or any other interest whatever. See *Shinn on Attachments and Garnishments*, Section 719. For instance, a garnishee held chattels, to be sold for the benefit of the holder of a mortgage thereon. He was made a garnishee in a suit against the owner, and paid the fund without disclosing in his answer the facts of the case as they existed.

He was not thereafter permitted to set up such payment in defense of an action against him brought by the holders to recover the proceeds of the property. *Smith* v. *Ainscow,* 11 Neb., 476.

While it is true that a garnishee should not be compelled to pay the debt twice, yet it has been repeatedly held that he will be compelled to do so if, by or through his own negligence and carelessness, he permits a third party to be injured and damaged. A judgment rendered against him, where attachment proceedings are brought, will discharge his liability to the original defendant to the extent that such judgment is deemed to be a payment of his indebtedness to such principal defendant; but it does not operate as a discharge or release from valid and existing liens created by subsequent attachments (*Hall* v. *Daniels,* 62 Ga., 620; *Canaday* v. *Detrick,* 63 Ind., 485). This is upon the theory that the garnishee is under obligation and is bound, in its answer, to make full disclosure to the court of all other existing liens upon the same fund, and the interests and claims of all third parties, so far as he has knowledge of the same. If the garnishee has notice or information that a third party claims an interest in the fund in controversy, he must, if he would protect himself against such claim, disclose it by his answer, even though he can not, of his own knowledge, swear to the existence of the claim or its precise nature. *Hugh J. Chott* v. *Tivoli Amusement Company,* 82 Ill. App., 244.

In the case of *David Gaehr* v. *the Reliance Electric & Engineering Company,* the defendant in this case, a petition was filed against the defendant to compel it to pay the money which was found due to it by the order of the court of July 13, 1910, in case No. 116,877. In this case the defendant, the Reliance Electric & Engineering Company, filed a waiver of process and entered its appearance, which is suggestive in itself and strengthens the suggestion of collusion. In that case, however, the defendant herein filed what it terms an affidavit of interpleader. In this interpleading affidavit the defendant admits that it held $1,089.55 to the account of the Crystal Window

Glass Company, and that said sum, without any collusion on the part of the defendant, was claimed by one C. A. Blakeslee, of Falls Creek, Pennsylvania; and that a demand had been made upon the defendant for said sum; wherefore it prayed the court to order the said C. A. Blakeslee and the said Crystal Window Glass Company to be made parties defendant in the action in which the interpleader was filed, in lieu of the defendant, and that defendant be discharged from all liability to other parties to the action in respect to the subject thereof. So far as the records discloses, C. A. Blakeslee never asserted any claim to this fund in this court.

It is strange indeed that at that time the defendant, the Reliance Electric & Engineering Company, should have omitted, failed and neglected, in this interpleading affidavit, to inform the court that the P. A. Geier Company also claimed a lien upon this fund. It had full knowledge of this fact, because process had been served upon it in the case of the P. A. Geier Company, No. 116,887, and it filed an answer in that case; and its failure to inform the court of the facts and of the claim of the P. A. Geier Company, the plaintiff herein, might justify the court in holding that there was collusion if it were deemed necessary to do so; but we think it sufficient to say that the action of the defendant in the premises was so grossly negligent as to amount to a wanton disregard of the rights of the plaintiff in this action, and that it is therefore liable to the plaintiff, at least to the amount returned by the clerk of this court to the Crystal Window Glass Company. Defendant knew, at the time these proceedings were going on, that the money in its hands was attached by the P. A. Geier Company, subject to the senior lien of David Gaehr; and that the attachment and garnishment process of the P. A. Geier Company created a lien upon the fund, or the surplus or residue after the senior lien had been satisfied. We can see no escape from this conclusion.

A large number of authorities might be cited in addition to those already referred to, but we think it would be a waste of time to do so.

We have been unable to find any authority in our own state directly in point, and it would seem that the precise question involved in this case has never been decided in this state.

For the reasons indicated, judgment will be entered against the defendant, the Reliance Electric & Engineering Company.

---

## FINALITY OF A JUDGMENT RENDERED AT REQUEST OF PLAINTIFF.