FAST FOOD SYSTEMS, INC., Appellee,

v.

Howard DUCOTEY, Defendant,

and

First State Bank of Fairfax, Oklahoma, Appellant.

No. 71390.

Supreme Court of Oklahoma.

Sept. 15, 1992.

reinstatement, as provided in Rule 11 of the Rules Governing Disciplinary Proceedings."

Bonds, Matthews, Bonds & Hayes, D.D. Hayes and Juliet N. Brennan, Muskogee, for appellee.

Grober & Schumacher, Mark A. Grober, Muskogee, for appellant.

Okl. Bankers' Ass'n, Mary B. Guard, Oklahoma City, for amicus curiae.

WATT, Justice.

## FACTS

Appellant, Fast Food Systems, obtained a money judgment for $11,000.00 against Howard Ducotey, which is now final. Ducotey is not a party to this appeal.

## PROCEDURAL HISTORY

On June 3, 1987, the trial court held a hearing on assets. At the conclusion of the hearing, the trial court "prohibited and restrained" Ducotey from "disposing of any income tax refunds, state or federal, after the 3rd day of June 1987 until further order of the Court." On the same day, Fast Food, as judgment creditor, caused the court clerk to issue a garnishee summons against appellant, First State Bank of Fairfax. On June 4th, 1987, at 8:52 a.m., one of Bank's tellers received for deposit to Ducotey's account Ducotey's federal income tax refund check for $8,958.00. Bank processed the check through its normal collection procedures. Less than two hours later, between 10:00 and 10:30 a.m., Fast Food's lawyer served the garnishee summons on Bank's President. The summons directed Bank, as garnishee, "to withhold any such property or indebtedness belonging to ... [Ducotey] ... or owing on the date of service of summons," and to "hold all such property until the further order of this Court."

Bank's President answered the garnishee summons saying that Bank was not indebted to Ducotey. Bank denied that it had in its possession any "property belonging to" Ducotey, "or in which he has an interest." Bank justified its President's answer on the ground that when it was served with the garnishment summons, its computer did not yet reflect Ducotey's deposit. Bank said its computer did not reflect its receipt of the tax refund check until after the close of business on June 4th. Therefore,

claimed Bank, the check was not "property, moneys, credits" or "effects," under 12 O.S.1981 § 1185, in which Ducotey had an interest when Bank received the garnishee summons.[1]

The next day, June 5th, 1987, Bank received credit on the tax refund check from the Federal Reserve Bank in Oklahoma City. Later that day, the Chairman of Bank's Board of Directors permitted Ducotey to withdraw the entire amount of this income tax refund check. Ducotey then paid off a note for $3,546.94 that he owed to the Bank.

Fast Food took issue with Bank's answer to the garnishee summons. Following hearing on Bank's answer, the trial court entered judgment in favor of Fast Food and against Bank for $8,958.00, the amount of Ducotey's income tax refund check. Bank moved for a new trial, which motion the trial court denied. Bank appealed.

The Court of Appeals reversed the trial court's judgment, and remanded with instructions to enter judgment for Bank. The Court of Appeals' held that Bank was not indebted to Ducotey on the date of service of the garnishee summons, nor did Bank have any of Ducotey's property. Ducotey, said the Court of Appeals, had no right to the proceeds of his income tax refund on the date of the garnishment, June 4. The proceeds, said the Court of Appeals, were not available until the next morning under 12A O.S.1981 § 3–409(1). Section 3–409(1) provides, "A check or draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until he accepts it." Consequently, held the Court of Appeals, Bank did not hold any of Ducotey's "property" within the meaning of 12 O.S. § 1185 when it was served with the garnishee summons because the Federal Reserve Bank did not pay the check until the following day.

On certiorari, Fast Food contends that "This decision by the Court of Appeals is not in accord with applicable law, is a departure from the accepted and usual course of judicial proceedings, and is an issue not heretofore determined by this court." We agree.

## DISCUSSION

■ The Court of Appeals' opinion focused on the fact that Ducotey was not entitled to payment from Bank on the tax refund check until the day after Bank was served with the garnishee summons. This analysis is correct as far as it goes. Nevertheless, at the time Bank was served with garnishee summons, it had the check "in [its] possession" and "under [its] control." The fact that Bank might not be liable to pay the check did not relieve Bank of its clear obligation under the broad language of § 1185 to account for it in its answer to Fast Food's garnishee summons.

Bank was obligated either to credit Ducotey's account with the amount of the check, *or return the check to Ducotey.* The Bank's obligation to do one or the other arose when Bank received the check at 8:52 a.m. on June 4, 1987, *before* Bank received the garnishee summons. Ducotey owned the check itself, *Russell v. Maxson Sales Co.,* 591 P.2d 703 (Okla.1979). The check was evidence of the United States' indebtedness to Ducotey. The check was in constructively in *custodia legis,* that is in the custody of the court, from and after Bank's receipt of the garnishee summons, *Barton et al. v. Spencer et al.,* 3 Okl. 270, 41 P. 605 (1895). The fact that Bank might not have to pay the amount of the check did not relieve Bank of its statutory duty to disclose the check's existence in its garnishee's answer.

The Court of Appeals opinion cited *Pracht v. Oklahoma State Bank,* 592 P.2d 976 (Okla.1979) and *Culie v. Arnett,* 765 P.2d 1203 (Okla.1988). Neither applies

---

1. 12 O.S.1981 § 1185 provides in material part:
   From the time of service of the summons upon the garnishee he shall stand liable to the plaintiff to the amount of the property, moneys, credits and effects in his possession or under his control, belonging to the defendant or in which he shall be interested, to the extent of his right or interest therein, and of all debts due or to become due to the defendant, except such as may be by law exempt from execution....

here. In *Pracht*, the issue was whether plaintiff was entitled to *payment* on the check, not whether the garnishee had to divulge its existence. *Culie* involved whether the defendant's employer was indebted to plaintiff. Here, Ducotey was indebted to Fast Food under a final judgment.

■ In its response to Fast Food's petition for certiorari, Bank relies on *Zucker v. United States Computer*, 85 Ill.App.3d 759, 41 Ill.Dec. 695, 408 N.E.2d 41 (Ill.App. 1980). *Zucker* is factually distinguishable from this case. There, the garnishee bank had closed defendant's accounts before the garnishment proceeding began. While the facts in *Zucker* are distinguishable from our own, we nevertheless reject its reasoning to the extent the opinion can be understood to hold that a defendant's interest in an uncleared check is not "property, moneys, credits" or "effects" within the meaning of 12 O.S.1981 § 1185.

■ A bank customer has a sufficient property right in any check the customer deposits to his bank account to require the bank to account for it in its answer to a garnishee summons. This is so even if the bank's computer records do not yet reflect the deposit when the bank receives the garnishment summons.

This rule will place no undue hardship on banks. Fast Food's expert banking witness testified that the bank at which he works routinely suspends processing any withdrawals from an account subject to garnishment for twenty-four hours if the balance shown is less than the amount the bank's customer owes the judgment creditor. This, explained the banking expert, allows the bank, through its computer, to identify the transactions in the garnished account from the previous day when the garnishment summons was received.

By waiting until the morning after it was served with garnishee summons to get the information needed for its garnishee's answer from its computer, a garnishee bank would learn the exact balance of its customer's account at the moment the bank was served with garnishee summons. If its customer's check had not been paid by the drawee bank the garnishee bank could easily say so in its answer. If the check was paid by the drawee, as was the case here, the garnishee bank would simply pay the balance in defendant's account to plaintiff. If the drawee bank refused to honor the check, it would return it to the garnishee bank. The garnishee bank could then explain that the check had been dishonored in a supplemental garnishee's answer. The garnishee bank would be at no risk whatever of having to pay the garnishor the amount of a check for which it had not received payment.

The trial court correctly held that Bank breached its statutory duty when it failed to divulge the existence of the tax refund check in its garnishee's answer, although the check had not cleared for credit.

COURT OF APPEALS' OPINION VACATED. TRIAL COURT'S ORDER DENYING APPELLEE'S MOTION FOR NEW TRIAL AFFIRMED.

OPALA, C.J., HODGES, V.C.J., and LAVENDER, ALMA WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurs in part, dissents in part.

SIMMS and HARGRAVE, JJ., dissent.