**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 22 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

WILMA ANNA PFLUEGER,

      Plaintiff-Appellant,

v.

EFFECTIVE SECRETARIAL
SERVICES, INC., an Oklahoma
Corporation, dba Effective Secretarial
Support Services, Inc., dba E.S.S. Inc.;
EFFECTIVE SUPPORT SERVICES,
INC., an Oklahoma Corporation, dba
Effective Secretarial Support Services
Inc., dba E.S.S. Inc.,

      Defendants.

_____

SHIRLEY KIMBRELL,

      Garnishee-Appellee.

No. 97-6205
(D.C. No. 91-CV-1182-L)
(W.D. Okla.)

ORDER AND JUDGMENT *

_____

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **ANDERSON** , **BARRETT** , and **TACHA** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.   See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff Wilma Anna Pflueger appeals from the district court's order rejecting her objection to the answers to a garnishee summons.  The district court's jurisdiction is based on the underlying action between plaintiff and defendant, brought pursuant to federal statutes.  Our jurisdiction arises from 28 U.S.C. § 1291.  We reverse and remand to the district court for further proceedings.

Plaintiff obtained a federal court judgment against defendant Effective Secretarial Services, Inc. (ESS), which is now final.  The court clerk issued a garnishee summons that was served on garnishee Shirley Kimbrell just as she had started handing out payroll to the employees of ESS.  Ms. Kimbrell, an employee of ESS, had in her possession approximately thirty pay envelopes at the time the garnishee summons was served on her.  The pay envelopes contained checks payable to the respective employees, together with cash in the exact amount of each check.  The payroll procedure required each employee to endorse the check

payable to him or her, return the endorsed check to the employer, and then receive cash in the amount of the check.

After a hearing, the district court found that the funds in the pay envelopes belonged to ESS's employees, and not to ESS. Consequently, the district court ruled that plaintiff was not entitled to garnish the funds in question.

Federal Rule of Civil Procedure 69(a) governs this action to collect a judgment entered by a federal court. Rule 69(a) provides for execution on a money judgment "in accordance with the practice and procedure of the state in which the district court is held." See also Mackey v. Lanier Collection Agency & Serv., Inc., 486 U.S. 825, 833-34 (1988) (Rule 69(a) "defers to state law to provide methods for collecting judgments"). Therefore, Oklahoma garnishment law applies, and we review de novo the district court's application of Oklahoma law, see Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).

In Oklahoma, "the garnishment lien attaches at the time the summons is served" on the garnishee. First Mustang State Bank v. Garland Bloodworth, Inc., 825 P.2d 254, 259 (Okla. 1991); accord DPW Employees Credit Union v. Tinker Fed. Credit Union, 925 P.2d 93, 95 (Okla. Ct. App. 1996); see also Okla. Stat. tit. 12, § 1173.3(F) ("The garnishment summons and affidavit served on the garnishee under this section are a lien on the defendant's property due at the time of service of the summons . . . ."). The judgment debtor's assets in the possession

of the garnishee at the time the summons is served must be accounted for in the answer to the garnishee summons. See Fast Food Sys., Inc. v. Ducotey, 837 P.2d 910, 912 (Okla. 1992) (garnishee bank must account for check payable to judgment debtor even though check may not clear because bank was obligated to credit debtor's account or return check to debtor). "From the time of the service of the summons upon the garnishee [she] shall stand liable to the plaintiff to the amount of the property, moneys, credits and effects in [her] possession or under [her] control, belonging to the [judgment debtor] or in which [it] shall be interested . . . ." Okla. Stat. tit. 12, § 1185.

Here, Ms. Kimbrell was an employee of the judgment debtor, ESS, performing a duty of her employment -- distributing the payroll. Therefore, her possession of the funds was in the place of ESS. Cf. Nelson v. Pollay, 916 P.2d 1369, 1374 n.23 (Okla. 1996) (employer generally responsible for acts of employee which fall within employee's employment). Consequently, the cash Ms. Kimbrell held in the pay envelopes that had not yet been released to the respective employees belonged to ESS. Because the undistributed pay envelopes contained "property, moneys, credits and effects" belonging to ESS at the time the garnishee summons was served, § 1185, Ms. Kimbrell, as garnishee, breached her statutory duty in her answer to the garnishee summons that she held no assets belonging to ESS. See Okla. Stat. tit. 12, § 1178.2.

The judgment of the United States District Court for the Western District of Oklahoma is VACATED and the cause is REMANDED for further proceedings resulting from our holding the payroll envelopes did, in fact, contain assets of ESS at the time the garnishee summons was served.

Entered for the Court

James E. Barrett
Senior Circuit Judge